IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| CLARITO VILLAFLORES,<br><br>           Plaintiff<br><br>vs.<br><br>GUARDSMARK, INC. and FEDEX ANCHORAGE HUB,<br><br>           Defendants. | Case No. 3:06-cv-00217-JWS |

**ORDER GRANTING MOTION TO COMPEL DISCLOSURES**

Defendants Guardsmark, LLC and Federal Express Corporation have moved under Federal Rule of Civil Procedure 37(a)(2) for an order that Mr. Villaflores provide the basic initial disclosures required of every litigant under Federal Rule of Civil Procedure 26(a)(1). Defendants' Motion to Compel Disclosures is well taken.

Federal Rule of Civil Procedure 26(a)(1) required Mr. Villaflores to disclose all of the following information without awaiting a discovery request:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
> (B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; [and]
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which

ORDER GRANTING MOTION TO COMPEL DISCLOSURES
*Villaflores v. Guardsmark, Inc. and FedEx Anchorage Hub* – Case No. 3:06-cv-00217-JWS      Page 1 of 3
Case 3:06-cv-00217-JWS    Document 31    Filed 05/17/07    Page 1 of 3

>such computation is based, including materials bearing on the nature and extent of injuries suffered [.]

Those disclosures were due by November 30, 2006.

Mr. Villaflores has not provided the required disclosures. Mr. Villaflores's only disclosures to Defendants consist of two preliminary witness lists – neither of which states the subjects of the information about which the named individuals are knowledgeable -- and a "Claim for Damages" asserting that Defendants should be held jointly and severally liable for payment of $400,000,000 as a lump sum including "compensatory and punitive damages and other unspecified damages" and costs and interest. These materials do not satisfy Mr. Villaflores's disclosure obligations under Federal Rule of Civil Procedure 26 or accomplish the purposes of providing basic information about the case to opposing parties at an early point, to help focus and prioritize subsequent more detailed discovery

The failure to provide disclosures is a significant and seemingly willful violation of Mr. Villaflores's obligations in this matter materially affecting Defendants' rights in the discovery process and ability to defend against Mr. Villaflores's claims in this matter. The statements that Mr. Villaflores has made in lieu of fulfilling his disclosure obligations do not provide Defendants with required basic information for use in evaluating Mr. Villaflores's claims or focusing and prioritizing more detailed discovery.

Mr. Villaflores has had ample time to make his disclosures and has not responded to a reminder about that responsibility. Allowing Mr. Villaflores to proceed without making adequate disclosures would prejudice Defendants by unfairly forcing them to choose between incurring the expense of conducting further discovery in the dark or being subjected to trial by surprise. It is therefore appropriate that Mr. Villaflores be ordered to promptly provide the overdue disclosures required by Federal Rule of Civil Procedure 26(a)(1) and advised that if he does not

ORDER GRANTING MOTION TO COMPEL DISCLOSURES
*Villaflores v. Guardsmark, Inc. and FedEx Anchorage Hub* – Case No. 3:06-cv-00217-JWS     Page 2 of 3
Case 3:06-cv-00217-JWS   Document 31   Filed 05/17/07   Page 2 of 3

do so then pursuant to Federal Rule of Civil Procedure 37(c) he may be prohibited from using at trial any evidence of matters, such as his damages, that he failed to disclose as ordered.

In addition, given the willful nature of his breach of his disclosure obligations, it is further appropriate that Mr. Villaflores be ordered to pay Defendants' reasonable expenses, including attorney's fees, incurred in making their Motion to Compel Disclosures.

IT IS HEREBY ORDERED that within two week of the date of distribution of this order, Mr. Villaflores must disclose to Defendants:

(1) on what subjects he believes the individuals named in his most recent preliminary witness list may be knowledgeable;

(2) a copy of or description by category and location of all documents in his possession, custody or control that he may use to support his claims in this matter; and

(3) the categories of damages he is claiming with a computation of claimed damages for each category.

If Mr. Villaflores does not do so, then pursuant to Federal Rule of Civil Procedure 37(c) he will be prohibited from using at trial any evidence of matters, such as his damages, that he failed to disclose under Rule 26. It is further ordered that Mr. Villaflores must pay Defendants the sum of $555.00 for their reasonable expenses, including attorney's fees, incurred in making their Motion to Compel Disclosures.

Entered at Anchorage, Alaska this 17th day of May 2007.

/s/ John W. Sedwick
United States District Judge

ORDER GRANTING MOTION TO COMPEL DISCLOSURES
*Villaflores v. Guardsmark, Inc. and FedEx Anchorage Hub* – Case No. 3:06-cv-00217-JWS   Page 3 of 3
Case 3:06-cv-00217-JWS   Document 31   Filed 05/17/07   Page 3 of 3